## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

FRANK HUGHES,

*Plaintiff,*

vs.

FEDEX FREIGHT, INC.,

*Defendant.*

Case No. 4:25-cv-00621-MAL

## MEMORANDUM AND ORDER

Before the Court is Defendant, FedEx Freight, Inc.'s ("FedEx") Motion to Dismiss Plaintiff's First Amended Complaint.  Doc. 13.  The Motion to Dismiss is **DENIED** for the following reasons.

### PROCEDURAL POSTURE

Hughes filed a charge of discrimination and retaliation with the Missouri Commission on Human Rights ("MCHR") in February of 2024. Doc. 11 at ¶ 7.  The MCHR issued Hughes a Notice of Right to Sue Letter on January 29, 2025. *Id.* at ¶ 8.  Hughes subsequently brought an action in state court against his former employer, FedEx, asserting claims of disability discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), as well as claims alleging FedEx interfered with his rights under the Family Medical Leave Act ("FMLA") and discriminated against him in violation of the FMLA. *Id.* at 4, 5, 7.  FedEx removed the action from Missouri Circuit Court to this Court based on federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction for the state law claims.  Doc. 1 at 2–4.  FedEx moved to dismiss for failure to state a claim, arguing that Hughes failed to allege facts that support a plausible conclusion that his disability was a motivating factor in the termination of his employment.  Doc. 14 at 3.

1

## BACKGROUND[1]

Hughes was a driver for FedEx based in St. Claire, Missouri from May 2010 until he was terminated on about December 5, 2023. Doc. 11 at ¶¶ 6, 13. Hughes performed his job duties and responsibilities in a satisfactory manner. *Id.* at ¶ 16. During his employment, Hughes developed severe arthritis that substantially affected his ability to walk, work, concentrate, or sleep. *Id.* at ¶ 18. Hughes requested and was granted FMLA leave following a hip replacement surgery in or about 2019. *Id.* at ¶ 21. In or about 2020, Hughes requested and was granted FLMA leave for this surgery. *Id.* at ¶ 22. In 2023, Hughes notified FedEx that he would likely need another hip replacement at some point in 2024. *Id.* at ¶ 23.

On or about December 5, 2023, FedEx terminated Hughes's employment and claimed that its decision was based on Hughes reporting his "delay time" incorrectly.[2] *Id.* at ¶¶ 26, 28. But Hughes had entered his delay time in the same manner for the entire duration of his employment with FedEx. *Id.* at ¶ 30. Other FedEx drivers based at the St. Claire location logged their delay time in the same manner as Hughes and were not terminated. *Id.* at ¶ 31. FedEx also terminated another St. Claire employee who suffered from ongoing health problems on December 5, 2023. *Id.* at ¶¶ 32–33. Hughes's termination from employment with FedEx prevented him from taking FMLA leave for his upcoming hip replacement. *Id.* at ¶ 27.

## LEGAL STANDARD

In response to a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Under Rule 12(b)(6), the Court may dismiss a complaint for "fail[ing] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a Rule

---

[1] All facts pled in the complaint are assumed true when determining whether to dismiss counts under Rule 12(b)(6). *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715–16 (8th Cir. 2011).

[2] "Delay time" refers to pay received by drivers for the period of time they wait for their trucks to be loaded, hitched, and for their dispatch paperwork to be completed. Doc. 11 at ¶ 29.

12(b)(6) motion if it contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Legal conclusions must be supported by factual allegations.  *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Iqbal*, 556 U.S. at 679).  Factual allegations do not need to be detailed, but reciting the elements of a cause of action and drawing bare conclusions is insufficient.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Ultimately, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Twombly*, 550 U.S. at 556; *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

**DISCUSSION**

1. **Disability Discrimination in Violation of the Missouri Human Rights Act.**

FedEx argues that the MHRA claim should be dismissed because Hughes fails to plead facts that would support the third element for an MHRA disability discrimination claim—that the disability was the motivating factor in the challenged employment action.  Doc. 14 at 5.  But FedEx is incorrect.  A prima facie case of disability discrimination under the MHRA requires the plaintiff to show: (1) he is disabled, (2) he was discharged, and (3) his disability was the motivating factor in the challenged employment action.  *Johnson v. Midwest Division - RBH, LLC*, 88 F.4th 731, 737 (8th Cir. 2023) (quoting *Ashby v. Woodridge of Mo., Inc.*, 673 S.W.3d 537, 544 (Mo. App. 2023)).  For the disability to be "the motivating factor" in the challenged employment action, it must actually play a role in the adverse action and have a determinative influence on the adverse action.  Mo. Rev. Stat. § 213.010(19).

a. **Application to Facts**

Hughes pled sufficient facts demonstrating the third element—that his disability was the motivating factor in his termination.  Hughes pled that he

3

satisfactorily performed his job duties for his whole thirteen-year employment with FedEx. Doc. 11 at ¶ 16. Before being terminated, Hughes notified FedEx that he would need additional medical leave in 2024 for a second hip replacement. *Id.* at ¶¶ 20–23. Not long after, Hughes was terminated for incorrectly entering his delay time. *Id.* at ¶ 28. Hughes alleges this was a false pretense because he had entered his delay time in the same manner for his entire employment and in the same manner as other drivers who were not terminated. *Id.* at ¶¶ 26–31. And finally, Hughes alleges that another employee suffering from ongoing health issues was terminated around the same time. *Id.* at ¶¶ 32–33. These circumstantial allegations are enough that a factfinder could plausibly conclude that FedEx's motivating factor for terminating Hughes was his disability.

Reliance on circumstantial evidence in an MHRA claim is commonplace and does not mean the claim is implausible. *See Marez v. Saint-Gobain Containers, Inc.*, 740 F. Supp. 2d 1057, 1068 (E.D. Mo. 2010); *Cox v. Kansas City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 116 (Mo. 2015) ("Employment discrimination cases . . . often depend on inferences rather than on direct evidence … Therefore, individual plaintiffs . . . generally must rely on circumstantial evidence." (citation modified)).[3]

FedEx contends that Hughes' allegation regarding delay time is insufficient because it was pled on "information and belief." Doc. 14 at 6. Though Hughes alleges some facts on information and belief, such "allegations … are not categorically insufficient to state a claim for relief where the proof supporting the allegation is within the sole possession and control of the defendant or where the belief is based on sufficient factual material that makes the inference of culpability plausible." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 954 (8th Cir. 2023); *see also* Fed. R. Civ. P. 11(b),(b)(3) (expressly contemplating allegations pled on

---

[3] *Marez* was decided before the MHRA amendment that changed the standard from a "contributing factor" to "a motivating factor." 740 F. Supp. 2d at 1068. This case also concerned the summary judgement phase of the trial. *Id.* However, for the plaintiff to allege that discrimination was a motivating factor before the discovery, they must rely on inferences and circumstantial evidence.

information and belief).   Without discovery, Hughes lacks access to FedEx's employment and timekeeping records for his former colleagues.   Hughes is only required to allege enough facts to rise above mere speculation and create a reasonable expectation that discovery will reveal evidence that his disability was a motivating factor in his termination.[4]   *See Twombly*, 550 U.S. at 556.   In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."   *Id.* (quotation marks omitted).   The allegations in Hughes's complaint surpass this threshold.

### 2. Interference in Violation of the Family and Medical Leave Act

FedEx asks this Court to dismiss Hughes's FMLA interference claim on three independent bases—that Hughes failed to allege facts that would satisfy the first, second, and third elements of an FMLA interference claim.   Doc. 14 at 8–9.   Not so. To establish an FMLA interference claim, a plaintiff must show they were, "(1) entitled to a benefit under the FMLA, (2) the employer 'interfered with' that entitlement, and (3) the reason for the denial was connected to the employee's FMLA leave." *Thompson v. Kanabec Cnty.*, 958 F.3d 698, 705 (8th Cir. 2020) (citing *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1160 (8th Cir. 2016)). FMLA not only prohibits employers from refusing to authorize FMLA leave, but also from manipulating circumstances to avoid FMLA responsibilities.   29 U.S.C. § 2615(a)(1) (prohibiting "interfere[nce] with … the exercise of or the attempt to exercise, any right provided under this subchapter" in addition to "den[ial] [of]" the same); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006) ("An

---

[4] FedEx compares Hughes's allegations to the insufficient allegations that lead to dismissal in *Hager v. Ark. Dep't of Health*, 735 F.3d 1009 (8th Cir. 2013).   Doc. 14 at 5.   However, in *Hager*, the plaintiff made "only two conclusory allegations of gender discrimination: (1) she is a victim of gender discrimination; and (2) she was discharged under circumstances simmarily [sic] situated nondisabled males . . . were not."   *Id.* at 1015.   The plaintiff alleged no other gender-related discriminatory actions.   *Id.*   The court found this was not enough to give the defendant fair notice of the claim.   *Id.*   Hughes made more than two conclusory allegations in his complaint.   Also, though Hughes's statement about other drivers' practices is superficially similar to Hagar' second statement, Hughes's statement goes farther by describing what about the other drivers made them similarly situated.   *See* Doc. 1-1 at 3.

employer is prohibited from interfering with, restraining, or denying an employee's exercise of or attempted exercised of any right contained in the FMLA."); *Chappell v. Bilco* Co., 675 F.3d 1110, 1115 (8th Cir. 2012).  Manipulation of circumstances includes terminating an employee.  *See Stallings*, 447 F.3d at 1050-1051.

"A claim under the FMLA cannot succeed unless the plaintiff can show that he gave his employer adequate and timely notice of his need for leave . . ." *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 991 (8th Cir. 2005).  To provide such notice, "[a]n employee does not need to invoke the FMLA by name.  Rather, the employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave." *Huber v. Westar Foods, Inc.*, 139 F.4th 615, 621 (8th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 274 (Dec. 8, 2025) (quotation and citation omitted).  When the need for FMLA due to medical treatment for a serious health condition is foreseeable, employees must provide "*at least* 30 days advance notice before FMLA leave is to begin." 29 C.F.R. § 825.302(a) (emphasis added).  When the approximate timing of the FMLA leave is not foreseeable, the "employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case."  29 C.F.R. § 825.303(a).

### a.  Application to Facts

Hughes pled sufficient facts to demonstrate the first, second, and third elements for an FMLA interference claim.  With respect to the first element—that he was entitled to a benefit under the FMLA—Hughes pled sufficient facts because his pleaded facts allow the inference that he gave at least thirty days notice that he may be in need of FMLA. Doc. 11 at ¶¶ 23–25.  With respect to the second element—that FedEx interfered with his entitlement to FMLA leave—Hughes pled sufficient facts because he claims that FedEx fired him to avoid giving him the leave he otherwise would have gotten and that it was motivated by his previous FMLA leave and his prospective leave in 2024.  *Id*. at ¶¶ 56–62.  Hughes also successfully pleads the third element—that the reason for the denial was connected to the employee's FMLA leave. *Id*.  Thus, Hughes's allegations, taken as true, are sufficient to establish that his

6

claim of interference under the FMLA are plausible and the claim should not be dismissed.

### 3. Retaliation in Violation of the Family and Medical Leave Act

FexEx argues that Hughes fails to state a claim for FMLA retaliation because he did not establish a causal connection between his termination and his FMLA-protected activities. Doc. 14 at 9–10. Not so.

#### a. Requirements of Claim

Under the FMLA, it is unlawful for an employer to discharge or to discriminate against an employee for opposing practices made unlawful by the Act. 29 U.S.C. § 2615(a)(2). This means that employers cannot consider FMLA leave as a negative factor in employment actions. *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002). To establish a case of FMLA discrimination, "an employee must show that she engaged in activity protected under the Act, that she suffered an adverse employment action by the employer, and that a causal connection existed between the employee's action and the adverse employment action." *Id.*; *see also Hudson v. Tyson Fresh Meats, Inc.*, 787 F.3d 861, 866 (8th Cir. 2015).

To show causation, employees do not need to establish that their protected activity was the but-for cause of their termination. *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 963 n. 3 (8th Cir. 2012). Instead, the employee must allege that their protected activity "played a part in the adverse employment action." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 865 (8th Cir. 2006) (citation modified). "Evidence that gives rise to an inference of a retaliatory motive on the part of the employer is sufficient to establish a causal link." *Id.* at 866 (citation modified).

An employee may establish a causal link by alleging temporal proximity between the protected activity and the adverse employment action. *Id.* (citing *Eliserio v. United Steelworkers of Am.*, 398 F.3d 1071, 1079 (8th Cir. 2005). However, for timing alone to establish causation, the temporal proximity must be very close— even one month is not close enough without something more. *Id.* (quoting *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 859 (8th Cir. 2005)); *see also Sisk v. Picture People, Inc.*, 669 F.3d 896, 901 (8th Cir. 2012) (finding more than two months was too long to

support a finding of causation without something more); *Smith v. Fairview Ridges Hosp.,* 625 F.3d 1076, 1088 (8th Cir. 2010) (finding one month is not close enough without something more), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).  An employee may also establish pretext using a number of other methods, such as (1) similarly situated employees who did not engage in the protected activity were treated more leniently; (2) the employer's proffered reason has no basis in fact; or (3) that the employer deviated from its policies.  *Phillips v. Mathews*, 547 F.3d 905, 913 (8th Cir. 2008).

### b.  Application to Facts

Hughes pled sufficient facts to establish a causal connection between his termination and his FMLA-protected activities.  He alleges that he had twice taken FMLA leave for joint replacements due to his arthritis and had notified FedEx in late 2023 that he needed another joint replacement that would require FMLA leave in early 2024.  Doc. 11 at ¶¶ 24, 74–76.  Soon after notifying FedEx that he would need leave, Hughes was terminated.  *Id.* at ¶ 75.  Though none of the pleadings clarify the length of time between when Hughes requested additional FMLA leave and his termination (meaning that temporal proximity is not enough to show a causal connection without more), Hughes does not allege bare temporal proximity.  Instead, Hughes alleges that the reason for his termination was pretextual because it was premised on how he entered his delay time, which he had done the same way for thirteen years.  *Id.* at ¶¶ 28–30.  Hughes also challenges the factual basis for his termination from FedEx, arguing that other employees entered their delay time the same way, suggesting that FedEx's proffered reason for the termination has no basis in fact and that the employer may have deviated from its policies.  *See* Doc. 11 at ¶¶ 31–33.  Taken together, Hughes's allegations are sufficient to support a plausible inference that discriminatory motive played a role in his termination.

8

Accordingly,

**IT IS HEREBY ORDERED** that FedEx's Motion to Dismiss Plaintiff's First Amended Complaint is **DENIED**.

**SO ORDERED,**

This 22nd day of July 2026.

*Maria A. Lanahan*

Hon. Maria A. Lanahan
United States District Judge

9